## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY LAPOINT** | : | **DOCKET NO. 2:20-cv-0269** |
| **D.O.C.. # 587572** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN COX, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Before the court is a civil complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Corey LaPoint, who is proceeding pro se and in forma pauperis in this matter. LaPoint is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Jefferson Davis Parish Jail in Jennings, Louisiana ("JDPP").

For reasons stated below **IT IS RECOMMENDED** that claims against the Jefferson Davis Parish Prison be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

## I.
### BACKGROUND

LaPoint alleges that on February 26, 2019, Assistant Warden Cox entered the dorms and, after allegedly smelling smoke, yelled for inmates to "'put the weed in the hallway' within 2 minutes, or else." Doc. 1, p. 3. He walked out and re-entered with a large can of pepper spray and began spraying everyone "from head to toe." *Id.* Cox exited and re-entered the dorm three times, continuing to spray. *Id.* Plaintiff, who was asleep when the incident began, contends that no one showed any aggression. *Id.* That night, prison officials took the inmates' sheets, blankets, and

clothes and forced them to sleep naked on mats. *Id*. The next day, everyone passed the drug test administered. *Id*.

Plaintiff names as defendants Assistant Warden Cox and the Jefferson Davis Parish Jail.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

LaPoint has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Party*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.  A parish or municipal jail is "not an entity, but a building."  *John v. Locke*, 2018 U.S. Dist. LEXIS 1099 at *4 (W.D. La. Jan. 2, 2018). Accordingly, the Jefferson Davis Parish Jail is not a proper defendant to this action and should be dismissed.

### III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that claims against the Jefferson Davis Parish Jail should be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[1] Claims against Assistant Warden Cox are addressed in a separate Order.

THUS DONE this 2nd day of April, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE