UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY LAPOINT** : | | **DOCKET NO. 2:20-cv-0269** |
| **D.O.C.. # 587572** | | **SECTION P** |
| **VERSUS** : | | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN COX, ET AL** : | | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss by defendant Warden Cox. This motion comes in response to a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Corey LaPoint ("plaintiff"). For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

I.
BACKGROUND

LaPoint alleges that on February 26, 2019, Assistant Warden Cox entered the dorms and, after allegedly smelling smoke, yelled for inmates to "'put the weed in the hallway' within 2 minutes, or else." Doc. 1, p. 3. He walked out and re-entered with a large can of pepper spray and began spraying everyone "from head to toe." *Id*. Cox exited and re-entered the dorm three times, continuing to spray. *Id*. Plaintiff, who was asleep when the incident began, contends that no one showed any aggression. *Id*. That night, prison officials took the inmates' sheets, blankets, and clothes and forced them to sleep naked on mats. *Id*. The next day, everyone passed the drug test administered. *Id*.

Plaintiff filed suit against the Jefferson Davis Parish Prison, as well as against Warden Cox. All claims against the Jefferson Davis Parish Jail have been previously dismissed (doc. 7), and, as such, only claims against Cox remain.

Cox filed the instant motion (doc. 19), asserting that plaintiff's claims are not properly before this Court, as plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 (PLRA). Additionally, Cox contends that plaintiff cannot establish that he violated a clearly established right, and thus the defendant is entitled to qualified immunity. Finally, the Warden asserts that the injury plaintiff suffered, if any, was de-minimis and thus he is not entitled to bring this claim.

Plaintiff filed an opposition to the motion (doc. 21), in which he emphasized the punitive nature of the pepper spray incident. Moreover, he concedes that he did not appeal the response to his ARP, but instead attempted to submit a second grievance to Jefferson Davis Parish Jail officials.

## II.
## LAW & ANALYSIS

### A. *PLRA and Exhaustion*

#### 1. *Legal Standard*

The defendants move to dismiss the case on the grounds that the plaintiff has not exhausted his administrative remedies and fails to state a claim for which relief can be granted. Because administrative exhaustion is an affirmative defense, we review this claim first and will only consider the merits of plaintiff's claims if we find that the plaintiff has exhausted his administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust available administrative remedies before filing a suit based on prison conditions. 42 U.S.C. §

1997e(a); *see Porter v. Nussle*, 122 S.Ct. 983, 988 (2002) (explicitly extending the exhaustion requirement to *Bivens* suits). Exhaustion is mandatory for all suits about prison life, whether they involve complaints about general circumstances or particular episodes. *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384–87 (2006). The Fifth Circuit takes "a strict approach" to the exhaustion requirement, and dismissal is appropriate where the inmate fails to exhaust before filing suit. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The administrative remedy program ("ARP") for federal inmates is provided at 28 C.F.R. § 542.10 *et seq.* and includes a three-step formal process. The inmate files an informal resolution attempt (BP-8), though there are several cases in which this is not required. 28 C.F.R. § 542.13. The first formal step of the ARP is the filing of a written administrative remedy request (BP-9) with the warden. *Id.* at § 542.14. The BP-9 must be filed within 20 days of the incident. *Id.* at § 542.14. If the inmate is dissatisfied with the warden's response at the institutional level, he may appeal to the regional director via a Regional Administrative Remedy Appeal (BP-10) within 20 days of the warden's response.[1] *Id.* at § 542.15(a). An inmate who is not satisfied with the regional director's response may submit an appeal (BP-11) to the general counsel within 30 days of the regional director's response. *Id.* Appeal to the general counsel is the final step of the ARP. *Id.* These deadlines may be extended if the inmate can show valid reason for his delay in filing. *Id.* at §§ 542.15(a), 542.14(b).

Only after the completion of both steps, and each element thereof, may the inmate file suit in district court. §325(F)(3)(a)(viii); *see also Woodford*, 126 S.Ct. at 2382; *Gonzalez*, 702 F.3d at

---

[1] The inmate may also bypass the warden/institutional stage and file his request directly with the regional director. *Id.* at 542.14(d).

786. Furthermore, if the prisoner fails to initiate the grievance process or fails to proceed to the second step of the procedure, he has abandoned his claims and any subsequent suit should be dismissed *with prejudice*. La. R.S. 15:1172(C)(emphasis added); *see also Johnson v. Louisiana ex rel. Louisiana Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 281 (5th Cir. 2006).

### *2. Application*

It is uncontested that Plaintiff failed to exhaust his administrative remedies with respect to his complaints about this incident. The plaintiff's complaint, as well as his opposition to the instant motion, establish that he filed a grievance and received a response stating that "this matter is being looked into." Doc. 1, p.2; doc. 21, p. 2. Plaintiff never appealed this ARP. See doc. 1, p. 2; doc. 1, att. 2, p. 2; doc. 21, p. 2.. He cannot produce any evidence indicating that he appealed this ARP in accordance with the requirements of the law. He did not exhaust his administrative remedies as required by law. As such, this matter must be dismissed as "section 1997e(a) mandates exhaustion of administrative remedies." *Patterson v. La. Corr. Servs., supra*

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 19] be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of March, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE